IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN WOLFE, on behalf of himself and similarly situated employees, | CIVIL ACTION |
| Plaintiff, | NO. _____ |
| v. | |
| TCC WIRELESS, LLC, | COLLECTIVE ACTION |
| Defendant. | |

## **COMPLAINT - COLLECTIVE ACTION**

Plaintiff Jonathan Wolfe ("Plaintiff"), on behalf of himself and similarly situated employees, brings this collective action lawsuit against Defendant TCC Wireless, LLC ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

## **JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and § 1332.

2. Venue in this Court is proper under 28 U.S.C. § 1391 because Defendant resides in Illinois.

3. Defendant is headquartered in Carol Stream, Illinois (DuPage County).

4. Defendant operates over 30 stores in Illinois. Those stores are located throughout the greater Chicagoland area.

## **PARTIES**

5. Plaintiff is an individual residing in Clementon, New Jersey (Camden County).

6. Plaintiff is an employee covered by the FLSA.

7. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

8. Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

9. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

10. Defendant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes.

## FACTS PERTAINING TO DEFENDANT'S COMMON BUSINESS PRACTICES

11. Defendant is a "T-Mobile Premium Retailer" that according to the Employee Handbook it provided to Plaintiff, "is guided by a relentless focus to build a company that will be the leader in the wireless industry for T-Mobile products."

12. According to its website, Defendant operates over 100 T-Mobile retail stores across the country.

13. Defendant typically staffs each of its retail stores with one Store Manager ("SM") and one Assistant Store Manager ("ASM").

14. Regardless of store location, Defendant's SMs and ASMs are paid a salary.

15. Regardless of store location, Defendant has classified its SMs and ASMs as exempt from receiving overtime pay.

16. Regardless of store location, Defendant's SMs and ASMs work over 40 hours per week.

17. Regardless of store location, Defendant does not pay its SMs and ASMs any

compensation for hours worked over 40 per week.

18. In addition to SMs and ASMs, Defendant also assigns sales employees to each store who it has classified as "non-exempt" from the FLSA.

19. Typically, Defendant assigns two (2) to three (3) non-exempt sales employees to each store.

20. All of Defendant's store employees, including SMs and ASMs, are required to record their hours worked in Defendant's internal timekeeping system.

21. Because there are not at least two full-time non-exempt employees per each SM and ASM at Defendant's stores, SMs and ASMs do *not* customarily and regularly direct the work of the equivalent of two or more full-time employees as required by U.S. Department of Labor regulations. See 29 C.F.R. §541.100; id. at §541.104. Thus, Defendant's SMs and ASMs cannot satisfy the "executive" exemption to the FLSA. See 29 U.S.C. §213(a).

## FACTS PERTAINING TO PLAINTIFF

22. From approximately March 2016 to June 2016, Plaintiff was employed by Defendant as a SM and was assigned to Defendant's Cherry Hill, New Jersey store.

23. Defendant paid Plaintiff a salary as a SM and classified him as "exempt" from the FLSA's overtime pay requirement.

24. Plaintiff often worked over 40 hours per week as a SM. In particular, Plaintiff estimates that he regularly was required to work approximately 55 hours during a typical week and sometimes more.

25. Defendant did not pay Plaintiff any compensation for hours worked over 40 per week while he was employed as a SM.

26. From approximately March 2016 until June 2016, Defendant's Cherry Hill store

was staffed with a SM (Plaintiff), an ASM, and two (2) non-exempt sales employees.

27. Because Defendant assigned only two non-exempt employees to the Cherry Hill store, neither Plaintiff nor the ASM were able to customarily and regularly direct the work of two or more other employees to satisfy the executive exemption. See 29 C.F.R. §541.100; id. at §541.104.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of: All SMs and ASMs employed by Defendant in the United States in the past three years. Plaintiff's consent form to act as a representative party-Plaintiff in this FLSA overtime lawsuit is attached herein as Exhibit A.

29. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## COUNT I
### (Alleging FLSA Violations)

30. All previous paragraphs are incorporated as though fully set forth herein.

31. Plaintiff and the collective are employees entitled to the FLSA's protections.

32. Defendant is an employer covered by the FLSA.

33. The FLSA entitles employees to overtime compensation "not less than one and one-half times" their regular pay rate for all hours worked over 40 per week. See 29 U.S.C. § 207(a)(1).

34. Defendant violated the FLSA by failing to pay Plaintiff and the collective any compensation, including overtime premium compensation, for hours worked over 40 per week.

35. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, thus, has committed a willful violation of the FLSA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the collective, seeks the following relief:

 A. Unpaid overtime wages and prejudgment interest;

 B. Liquidated damages;

 C. Litigation costs, expenses, and attorneys' fees; and

 D. Such other and further relief as this Court deems just and proper.

Date: December 28, 2016    s/ Douglas M. Werman
                Douglas M. Werman
                Maureen A. Salas
                WERMAN SALAS P.C.
                77 West Washington Street, Suite 1402
                Chicago, IL  60602
                Phone:  (312) 419-1008
                dwerman@flsalaw.com
                msalas@flsalaw.com

                Peter Winebrake
                R. Andrew Santillo
                WINEBRAKE & SANTILLO, LLC
                715 Twining Road, Suite 211
                Dresher, PA 19025
                Phone:  (215) 884-2491
                pwinebrake@winebrakelaw.com
                asantillo@winebrakelaw.com

                *Attorneys for Plaintiff*