**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHNATHAN WOLFE and** | ) | |
| **MARGARET HEKLOWSKI on behalf** | ) | |
| **of themselves and similarly situated** | ) | |
| **employees,** | ) | **No. 16 C 11663** |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Magistrate Judge** |
| | ) | |
| **TCC WIRELESS , LLC,** | ) | **Maria Valdez** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT FOR CLASS**
**AND COLLECTIVE ACTION CLAIMS,**
**APPROVING FORM OF CLASS NOTICE, AND**
**SCHEDULING HEARING FOR FINAL APPROVAL**

WHEREAS, Named Plaintiffs have made application for an order preliminarily approving the settlement of this Litigation as stated in the Settlement Agreement For Class And Collective Action Claims ("Settlement" or "Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation upon the terms and conditions set forth therein;

WHEREAS, Defendant does not oppose preliminary approval of the Settlement;

WHEREAS, the Court has read and considered the Settlement Agreement, the exhibits attached thereto, and the briefing submitted in support of preliminary approval of the Settlement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court hereby preliminarily approves the Settlement Agreement and the Settlement of the Illinois Minimum Wage Law class action claims as fair, reasonable and

adequate. The Settlement of the Fair Labor Standards Act collective action is approved as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation.

2.     The formula for allocation of settlement payments set forth in the Settlement is approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to Named Plaintiffs, Class Members and Opt-in Plaintiffs.

3.     The Settlement Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

4.     The Court has considered the pleadings and arguments in support of the motion for preliminary settlement approval and finds that the proposed Settlement Class is proper. Solely for purposes of the proposed Settlement, a Settlement Class is hereby certified pursuant to Fed. R. Civ. P. 23 as follows:

> Named Plaintiffs and Opt-In Plaintiffs (collectively, "Plaintiffs") who worked for Defendant between July 25, 2014, and September 8, 2017 ("Class Period") and all individuals who worked in the job codes RSM (Retail Store Manager) and ASM (Assistant Store Manager) or however equivalently titled for Defendant in Illinois during the Class Period ("Class Members), who have not excluded themselves from the Action.

The Court specifically finds (a) the class is so numerous that joinder is impracticable; (b) common questions of fact and law exist; (c) the Named Plaintiffs' claims are typical of the class's claims; and (d) the Class Representative will be able to fairly and adequately protect the interests of the class. In addition, the Court finds that questions of law or fact common to the class predominate over questions affecting individual members, and the class action is superior to other available methods. Certification of the Settlement Class for settlement purposes is the best means for protecting the interests of all of the Settlement Class Members.

5.     The Court appoints Douglas M. Werman, Maureen A. Salas, Sarah J. Arendt, and Zachary C. Flowerree of Werman Salas P.C., and Peter Winebrake and R. Andrew Santillo of Winebrake & Santillo, LLC as Class Counsel. The Court also approves Margaret Heklowski as Class Representative.

6.     The Court appoints the settlement administration firm RG2 Claims Administration LLC as the Settlement Administrator.

7.     Class Members shall not be required to submit a claim form to participate in the Settlement and receive a monetary award.

8.     The Court approves, as to form and content, the Summary Notices attached as Exhibits B and C to the Settlement Agreement for Class and Collective Action Claims, and finds that the distribution of the Summary Notices as set forth in Sections V.7 and V.13 of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

9.     Within fourteen (14) days of the Court entering this Order on the docket, Defendant shall provide the Settlement Administrator and Class Counsel with a complete listing of all Class Members. That listing shall contain Class Members' names, phone numbers, social security numbers, and Class Members' last-known mailing addresses.

10.     Within fourteen (14) days of receipt of the complete Class List from Defendant, the Settlement Administrator shall mail a Summary Notice to Settlement Class Members in accordance with Sections V.7 and V.13(b)(2) of the Settlement Agreement for Class and Collective Action Claims.

11.     Within sixty (60) days of the initial mailing of the Class Notice, Class Members objecting to the terms of the settlement must submit a written statement objecting to the Settlement, and it must be sent to the Clerk of the Court and the Settlement Administrator, postmarked on or before no later than sixty (60) days after the date the Summary Notice is first mailed. No later than ten (10) days after the Objection/Exclusion Deadline Date, the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel copies of objections received from Class Members.

12.     Within sixty (60) days of the initial mailing of the Class Notice, Class Members who wish to exclude themselves from the Settlement Class and not participate in the proposed Settlement must submit a written request for exclusion to the Settlement Administrator. Such written request for exclusion must contain the full name, address, telephone number, and the last four digits of the Social Security number or tax identification number the Class Member used when working for Defendant. No later than ten (10) days after the Objection/Exclusion Deadline Date, the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel a complete list of all Class Members who have timely excluded themselves from the Class.

13.     A Final Approval Hearing, for purposes of determining whether the settlement should be finally approved, shall be held before this Court on March 8, 2018, at 11:00 a.m., in Room 1041 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be approved by the Court.  The Court will also hear at that time any objections submitted by Class Members. The Court also will consider Class Counsel's request

4

for an award of attorneys' fees and costs and for a Service Award to be made to the Class Representative.

14.     Any member of the Settlement Class may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any member of the Settlement Class who does not enter an appearance or opt out of the Settlement Class will be represented by Class Counsel.

15.     Any member of the Settlement Class may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorneys' fees and costs should or should not be awarded to Class Counsel; and/or (4) why the Class Representatives should or should not receive extra compensation in the form of Service Awards. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Class Representative or the attorneys' fees and costs awarded to Class Counsel, unless that person has, no later than sixty (60) days after mailing of Summary Notice to the Settlement Class, served by first class mail on the Settlement Administrator, written notice of the Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof, explaining the basis of the objection. All timely filed and served objections also shall be filed with the Clerk of the Court and considered and ruled upon by the Court at the Final Approval Hearing. Any member of the Settlement Class who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from

5

making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement and any award of attorneys' fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

16.     As provided for in the Settlement Agreement, if this Court does not grant final approval of the proposed settlement set forth in the Settlement Agreement, then the Settlement Agreement will be vacated, any funds to be awarded under the Settlement Agreement shall be returned to their respective status as of the date and time immediately prior to the execution of the Settlement Agreement, and the Litigation shall proceed without prejudice to any party.

17.     All papers in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

18.     At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for attorneys' fees or reimbursement of expenses, shall be approved.

19.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**SO ORDERED.**                                          **ENTERED:**


**DATE:      November 28, 2017**                         _____

                                                         **HON. MARIA VALDEZ**

                                                         **United States Magistrate Judge**

6