IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHNATHAN WOLFE and MARGARET HEKLOWSKI, on behalf of themselves and similarly situated employees, ) ) ) ) | No. 16 C 11663 |
| Plaintiffs, ) ) | |
| v. ) | Magistrate Judge |
| TCC WIRELESS , LLC, ) ) | Maria Valdez |
| Defendant. ) ) | |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS**

This Court, having granted preliminary approval of the Parties' Settlement Agreement for Class and Collective Action Claims (ECF No. 111), having reviewed Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement for Class and Collective Action Claims and supporting exhibits submitted by Plaintiffs, as well as the Parties' presentation at the Final Approval Hearing, and otherwise being fully informed, the Court finds and orders as follows[1]:

1. The Court finally approves the Settlement Agreement and the Settlement of the Illinois Minimum Wage Law class action claims as fair, reasonable and adequate. The Settlement of the Fair Labor Standards Act collective action is approved as a fair, equitable, and reasonable resolution of a *bona fide* dispute in this contested litigation. The Settlement was reached pursuant to arm's-length negotiations between the Parties after substantial litigation, and

---

[1] All capitalized terms are defined in the Parties' Settlement Agreement. *See* ECF No. 109-1.

has the support of Class Counsel and Counsel for Defendant, both of whom have significant experience representing parties in complex class actions.

2. The formula for allocation of settlement payments set forth in the Settlement is approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to Named Plaintiffs, Class Members, and Opt-in Plaintiffs.

3. The Court finds that the Settlement Class certified in its November 28, 2017 Order (ECF No. 111) satisfies the requirements of Rule 23(a) and is maintainable under Rule 23(b)(3) for purposes of settlement of this action. The Settlement Class includes:

> Named Plaintiffs and Opt-In Plaintiffs (collectively, "Plaintiffs") who worked for Defendant between July 25, 2014, and September 8, 2017 ("Class Period") and all individuals who worked in the job codes RSM (Retail Store Manager) and ASM (Assistant Store Manager) or however equivalently titled for Defendant in Illinois during the Class Period ("Class Members), who have not excluded themselves from the Action.

4. The Notices of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class via First Class Mail adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and to appear and be heard at the Hearing on Final Approval regarding the approval of the Settlement Agreement. The Class Notice also adequately informed the Class Members of additional resources available for further information, including the telephone number of Class Counsel and the Settlement Administrator from whom Class Members could access additional information and documents regarding the case and settlement. The Court finds that the Class Notice provided satisfied the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

5. As identified in the declaration of Melissa E. Baldwin, Settlement Administrator, the Court finds that no Class Member excluded himself or herself from the Settlement following the issuance of the Class Notice and no Class Member objected to the Settlement. The absence of any objections to the Settlement by Class Members likewise supports approval of the Settlement. In addition, the litigation was settled after substantial discovery, after the Court and the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

6. Class Members will release and discharge the "Released Parties," as defined in the Parties' Settlement Agreement, from all claims, demands, rights, liabilities, and causes of action arising or occurring during the Class Period under the IMWL, 820 ILCS 105/1, alleged in the Amended Complaint, that they were not properly paid overtime wages, as well as any claims for interest, liquidated damages, and attorneys' fees and costs. Class Members and Opt-in Plaintiffs who negotiate their settlement checks will also release and discharge the "Released Parties" from all claims, demands, rights, liabilities, and causes of action arising or occurring during the Class Period under the FLSA, 29 U.S.C. § 201 *et seq.*, alleged in the Action, that they were not properly paid overtime wages, as well as any claims for interest, liquidated damages, and attorneys' fees and costs. Opt-In Plaintiffs who are not also Class Members will release and discharge the "Released Parties" from all claims, demands, rights, liabilities, and causes of action arising or occurring during the Class Period under the FLSA, 29 U.S.C. § 201 *et seq.*, alleged in the Action, and under any parallel state law, that they were not properly paid overtime wages, as well as any claims for interest, liquidated damages, and attorneys' fees and costs.

7. As further specified in the Parties' Settlement Agreement, the Named Plaintiffs, on the one hand, and Defendant, and the "Released Parties," on the other hand, fully release and

discharge one another from any and all claims, known or unknown, occurring or accruing prior to the Effective Date.

8. At the timing specified in the Parties' Settlement Agreement, Defendant shall transfer to the Settlement Administrator the Gross Settlement Fund of $1,150,000.00.

9. Defendant shall pay, separate and apart from the Gross Settlement Fund, the employer's share of all applicable state and federal payroll taxes on the checks distributed to the Named Plaintiffs, Opt-In Plaintiffs, and Class Members for the wage payment portion of their Settlement Awards.

10. Named Plaintiffs, Class Members and Opt-in Plaintiffs shall each receive their ratable shares of the Class Settlement Fund in accordance with the calculations provided for in the Settlement Agreement. The Settlement Administrator shall issue Class Members their settlement payments from the Class Settlement Fund (the Class Settlement Fund equals the Gross Settlement Fund minus Court-awarded attorneys' fees and costs, the Settlement Administrator's fee, and the Named Plaintiffs' Service Awards). Fifty percent (50%) of each Net Settlement Award shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining fifty percent (50%) of each Net Settlement Award, and the Named Plaintiffs' Service Awards, shall be allocated as penalties, liquidated damages, interest and other non-wage recovery damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).

11. The Court approves the Service Awards of $5,000 to Named Plaintiff Wolfe and $7,500 to Named Plaintiff Fronek. These Service Awards recognize the Named Plaintiffs' service to the collective and Class, including time and effort spent conferring with Class

4

Counsel, filing and pursuing the Action, answering written discovery, producing documents, attending the mediation, and in recovering compensation on behalf of all Opt-in Plaintiffs and Class Members. These service awards are consistent with those approved by other courts in the Northern District of Illinois for similar activities. *See Briggs v. PNC Fin. Servs. Grp., Inc.*, 2016 WL 7018566, *2 (N.D. Ill. Nov. 29, 2016) (approving $12,500 service award to two plaintiffs in FLSA settlement for a total of $25,000 in service awards); *Castillo v. Noodles & Company,* 2016 WL 7451623 (N.D. Ill. Dec. 23, 2016) (approving $10,000 service award to four plaintiffs in FLSA settlement for a total of $40,000 in service awards).

12. Within seven (7) days of receiving the Gross Settlement Fund, the Settlement Administrator shall deliver to Class Counsel the checks for the Named Plaintiffs' Awards.

13. Within fourteen (14) days of receiving the Gross Settlement Fund, the Settlement Administrator shall mail all Named Plaintiffs, Opt-In Plaintiffs, and Class Members their Settlement Checks from the Class Settlement Fund. If the Settlement Administrator is unable to deliver a settlement check to a Class Member, or if a check remains uncashed after the one hundred and fifty (150) day period, the amount of such settlement checks will be distributed to the *cy pres* recipient, the National Employment Law Project.

14. The Court grants Class Counsel's request for attorney's fees in the amount of $383,333.33. The Settlement Administrator shall deliver to Class Counsel a check for their attorneys' fees within seven (7) days of receiving the Gross Settlement Fund.

15. The attorneys' fees provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS 105/12, ("IMWL"), exist to enable plaintiffs to employ reasonably competent lawyers without cost to themselves if they prevail and, thereby, to help ensure enforcement of the substantive provisions of the FLSA and

the IMWL. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); 820 ILCS 105/12 ("If any employee is paid by this employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees and may be allowed by the Court").

16. Class Counsel seek one-third of the Gross Settlement Fund as their attorneys' fees. Class Counsel's request for one-third of the settlement in attorneys' fees is consistent with the market in the Northern District of Illinois. *See Taubenfeld v. AON Corp.*, 415 F.3d 597, 599 (7th Cir. 2005) (citation omitted).

17. Courts routinely hold that one-third of a common fund is an appropriate attorneys' fee award in class action settlements, including in wage and hour settlements. *See, e.g.*, *Koszyk v. Country Fin. a/k/a CC Servs., Inc.*, 2016 WL 5109196, at *3 (N.D. Ill. Sept. 16, 2016) (granting request for one-third of the settlement fund for attorneys' fees plus costs); *Taubenfeld*, 415 F.3d at 599-600 (noting class actions in the Northern District of Illinois have awarded fees of 30-39% of the settlement fund); *Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of fund); *In re Dairy Farmers of Am.*, Inc., 80 F. Supp. 3d 838, 842 (N.D. Ill. 2015) (awarding fees of one-third common fund); *Goldsmith v. Tech. Solutions Co.*, 1995 WL 17009594, *7-8 (N.D. Ill. Oct. 10, 1995) (same and noting that "where the percentage method is utilized, courts in this District commonly award attorneys' fees equal to approximately one-third or more of the recovery"); 3 Alba Conte et al., Newberg on Class Actions § 14.6 (4th ed. 2002) ("[F]ee awards in class actions average around one-third of the recovery[.]").

18. Class Counsel's requested fee is also reasonable in light of the significant risks of

6

nonpayment that they faced. At the outset of the litigation, Class Counsel took "on a significant degree of risk of nonpayment" in agreeing to represent the Named Plaintiffs. *Taubenfeld*, 415 F.3d at 600 (approving of district court's reliance on this factor in evaluating attorneys' fees). Plaintiffs' Counsel took this case on a contingent basis, meaning that there was a strong risk that they would not be paid. *See Sutton v. Bernard*, 504 F.3d 688, 693-94 (7th Cir. 2007) ("We recognized [in an earlier case] that there is generally some degree of risk that attorneys will receive no fee (or at least not the fee that reflects their efforts) when representing a class because their fee is linked to the success of the suit."). Plaintiffs' Counsel also faced significant legal hurdles in establishing certification and proving liability. As the Seventh Circuit has noted, Plaintiffs' Counsel "could have lost everything" they invested. *Matter of Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 570 (7th Cir. 1992) (Posner, J.).

19. Nor will Class Members, with the exception of the Named Plaintiffs, be required to provide a general release in order to participate in the Settlement. As a result, any claim a Class Member may have other than those asserted or related to this lawsuit remain unaffected. The absence of a general release exemplifies the results achieved for the Class. *See Ramah Navajo Chapter v. Babbitt,* 50 F. Supp. 2d 1091, 1103-04 (D.N.M. 1999) (noting that the limited, rather than general, nature of the release as further evidence of an exceptional result in favor of class members).

20. Class Counsel's request for reimbursement of $8,056.22 in actual out-of-pocket expenses incurred in prosecuting this case, including costs for court fees, electronic research, postage and courier fees, photocopies, and the fees of the private mediator, is granted. The Court finds these costs to be reasonably incurred.

21. The fees of the Settlement Administrator shall be paid from the Settlement Fund.

RG/2 Claims Administration LLC shall be paid a sum of $15,515.00 from the Settlement Fund for the services it performs in connection with the administration of the Settlement.

22. This matter is dismissed without prejudice. If no motion is filed on or before 180 days from the date this Order is entered on the docket, the dismissal without prejudice will convert to a dismissal with prejudice.

23. The parties shall otherwise abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:      March 12, 2018**            _____
                                                                        **HON. MARIA VALDEZ**
                                                                         **United States Magistrate Judge**